IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MANSIONS AT HASTINGS GREEN, LP | § | CASE NO. 10-39474-H3-11 |
| | § | |
| | § | Chapter 11 |
| DEBTOR-IN-POSSESSION | § | |

EMERGENCY MOTION FOR (I) INTERIM AUTHORITY TO
USE CASH COLLATERAL UNDER 11 U.S.C. §363 AND §105 AND
(II) REQUEST FOR PRELIMINARY AND FINAL HEARINGS

**************************************************************************

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

**EMERGENCY HEARING OF THIS MOTION HAS BEEN REQUESTED.**
**************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

MANSIONS AT HASTINGS GREEN, LP (the "Debtor" or "Mansions Family"), debtor and debtor in possession in the above captioned case, file this Emergency Motion (I) for Order Granting Interim Authority to Use Cash Collateral and (II) for Preliminary and Final Hearings (the "Motion") and in support thereof, respectfully states as follows:

706365-1

## I.   SUMMARY AND EMERGENCY BASIS

1.   By this Motion, Mansions Family seeks authority to use Cash Collateral in order to fund operations while it reorganizes.  This is a single asset real estate case.  The Debtor owns The Mansions Family Apartment Housing Community located at 11950 FM 1960 West, Houston, Texas 77065.

2.   Upon approval of this Motion, Wells Fargo Bank, through its designated loan servicer, Citicorp USA, Inc., which allegedly holds liens on the Debtor's assets, will be given replacement liens on the Debtor's post-petition receivables for use of its cash collateral.

3.   Debtor has moved this Court on an emergency basis for (i) authorization to use cash collateral; (ii) a preliminary hearing regarding this matter in order to satisfy the ordinary and necessary expenses of operation.  An emergency preliminary hearing is necessary since some of these expenses need to be paid before expiration of the fourteen (14) day notice period provided for in Bankruptcy Rule 4001 and for use of cash collateral.  Mansions Family also requests the Court set a final hearing so that a final cash collateral order can be approved.

## II.   JURISDICTION AND VENUE

4.   This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(M).  Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) because the Debtor's principal place of business has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

706365-1

### III.  BACKGROUND INFORMATION

**THE PARAGRAPHS CONTAINED BELOW IN SECTION III. "BACKGROUND INFORMATION" ARE IDENTICAL TO THE PARAGRAPHS CONTAINED IN SECTION III. "BACKGROUND INFORMATION" OF THE OTHER "EMERGENCY FIRST DAY MOTIONS" FILED CONTEMPORANEOUSLY HEREWITH IN THESE CASES.**

### A. Overview of the Debtor

5.  This Chapter 11 bankruptcy case was filed on October 22, 2010 (the "Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §101 et sq. (the "Bankruptcy Code").  The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.  No trustee or examiner has been appointed in the Debtor's bankruptcy case and no official committee of unsecured creditors has yet been established.

7.  Mansions At Hastings Green, LP ("Mansions Family"), is a limited partnership that owns and operates a 230 unit multifamily apartment community located 11950 FM 1960 West, Houston, Texas 77065 ("Property").  The Property is privately owned but is able to offer reduced rents because prior to construction it qualified for federal tax credits under Section 42 of the Internal Revenue Code.  The rents are designated by the government and are designed to fall into a range of "affordable" to low to moderate income people.

8.  The construction of the Property was substantially completed in the summer of 2009.  The Property is nestled on approximately 14 acres of beautifully landscaped and well maintained grounds. Each apartment offers amenities usually reserved for Class "A" housing, such as open floor plans with 9 foot ceilings, walk in closets, garden tubs, upgraded carpet, tile flooring, built in computer desks and energy star appliances.

Additionally, the Property offers its residents use of a luxurious community center, state of the art fitness room, sand volleyball, theater room, two playgrounds, parks with covered gazebo, barbeque grills, swimming pool, business center, after school programs for school age children, among many other amenities and services. The Property offers multiple one, two and three bedroom floor plans of varying sizes from 721 sq feet to 1239 sq feet, with base monthly rent ranging from $646 - $896 and up. The current occupancy rate is over 95%.

9. The Property is currently managed by Alpha-Barnes Real Estate Services ("Alpha-Barnes"), a firm specializing in the management of multi-family properties and experienced in the management of properties required to comply with Section 42 of the Internal Revenue Code. The Debtor expects to continue to use the management services of Alpha-Barnes as it will facilitate a seamless transition through the reorganization process. In addition, the personnel at Alpha-Barnes have experience in the management of properties operating as debtors-in-possession.

B. **Financing History**

10. In 2007, pursuant to a Trust Indenture (the "Indenture") with Wells Fargo Bank ("Wells Fargo"), Harris County Housing Finance Corporation, a public non-profit housing finance corporation ("HCHFC") agreed to issue and sell $14,000,000.00 in Multifamily Housing Revenue Bonds Series 2007 (the "Bonds"). The Indenture designates Citicorp Capital Management, LLC, as the Bondholder Representative to act on behalf of the Bondholders. The Indenture also designates Citicorp USA, Inc. as the servicer on the loan.

11. The proceeds of the Bonds were used by HCHFC to fund a loan to the Debtor. To that end, on or about July 1, 2007, the Debtor entered into a promissory note (the "Note") with HCHFC which provided, among other things, that HCHFC loan the Debtor $14,000,000.00 (the "Loan") for the acquisition, construction, development and operation of a multifamily residential project.

12. The Note is allegedly secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), which covers the Property. The Note is further evidenced by a Loan Agreement dated July 1, 2007 between the Debtor and HCHFC. The Note is further evidenced by a Construction Funding Agreement (the "Funding Agreement"), dated July 1, 2007, entered into by the Debtor and the Bondholder Representative, which, among other things, provided for the terms relating to the disbursements of the Loan proceeds.

13. In furtherance of the Loan, the Debtor entered into an agreement regarding conversion of the loan from a construction loan to a permanent loan (the "Conversion Agreement"). The deadline for conversion of the Loan was August 1, 2010.

14. The Note, Deed of Trust, the Loan Agreement, the Funding Agreement, and the Conversion Agreement are collectively referred to herein as the "Loan Documents." Contemporaneous with the execution of the Loan Documents, HCHFC transferred and assigned its rights under the Loan Documents to Wells Fargo. Under the Loan Documents, Citicorp USA apparently has authority to act with the same force and effect as Wells Fargo.

15. Due to construction and lease-up delays, costs exceeding budget, and economic vacancy driven by collection losses, the Property was not able to timely meet the

loan conversion requirements. However, the Property has since stabilized with current occupancy over 95% with move-ins scheduled to bring the occupancy to 97.5%.

16. As of the Petition Date, the outstanding indebtedness owed on the Note is approximately $14,000,000.

### C. Reasons for Filing Bankruptcy

17. The deadline for conversion of the construction loan to a permanent loan was August 1, 2010. Citicorp has been unwilling to discuss an extension or restructuring of the existing debt. On September 22, 2010, Citicorp filed suit against Mansions Family in the Harris County District Court, 165th Judicial District (subsequently transferred to the 125th Judicial District), alleging breach of contract and requesting appointment of a receiver. A hearing on appointment of the receiver was scheduled for October 25, 2010, thereby precipitating this bankruptcy filing.

18. In addition to the secured debt described above, there are alleged materialman/mechanic liens asserted against the Property of approximately $355,000.

19. The Debtor intends to utilize this Chapter 11 proceeding to restructure its debt.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Cash Collateral and Authority to Use

20. As stated above, prior to the Petition Date, Mansions Family entered into the Loan Documents with HCHFC, whereby the Debtor granted the Secured Lender an alleged first lien and security interest in substantially all of its assets, including rents (collectively "Collateral").

21. The current principal balance on the Note is approximately $14,000,000. While the terms of an agreed order have not been finalized, the Debtor expects that it will include, among others, the following:

    a. The Debtor may use cash collateral pursuant to an approved budget attached, with a 10% variance per line item and the ability to apply any un-used budgeted funds at its discretion.
    b. Secured Lender's prepetition liens will be adequately protected by replacement liens to the same extent and priority as their respective prepetition liens.

22. The only viable source of funding for post-petition operations is cash collateral made available to the Debtor.

23. The importance in cases like these of access to cash was recognized in *In re George Ruggieri Chrysler-Plymouth, Inc*., 727 F.2d 1017 (11th Cir. 1984). The court in that case noted: "A debtor, attempting to reorganize in business under Chapter 11, clearly has a compelling need to use 'cash collateral' in its effort to rebuild." *Id*. at 1019. 31. The Debtor is hopeful that Secured Lender will consent to the proposed use of cash collateral, subject to receiving replacement liens and perhaps other protections as provided in an agreed order. To the extent it does not consent, however, the Court may authorize the use of cash collateral by the Debtor provided that the Court determines that any objecting entity's interest is adequately protected. 11 U.S.C. § 363(c)(2)(B) and (e).

24. Section 361 sets forth three non-exclusive examples of what may constitute adequate protection. They include providing the secured creditor with "additional or replacement liens" and other relief that provides the secured creditor with the "indubitable equivalent" of the secured creditor's interest in the cash collateral. Legislative history indicates that Congress intended to provide courts with flexibility to grant relief on a case-by-case basis.

25. Pursuant to the Motion, the Debtor proposes to grant Secured Lender replacement liens on post-petition accounts receivable, a recognized method for providing adequate protection as specified under sections 361 and 363.

26. Without access to cash collateral, operations will cease. Without such funds, the Debtor will not be able to pay costs and expense, including, but not limited to, wages, salaries, general and administrative operating expenses, rents, and professional fees, in the ordinary course of the Debtor's business. From that standpoint, the overall collateral position of secured creditor will deteriorate markedly, more than offsetting any erosion of the cash collateral.

27. Bankruptcy Rule 4001(b)(2) states that 14 days' notice must be given before final approval of such cash collateral use is given. With this Motion, the Debtor is also seeking an emergency hearing upon expiration of the 14 day notice period.

## V. CONCLUSION

WHEREFORE, the Debtor respectfully request that the Bankruptcy Court:

1) Set an emergency preliminary hearing on this Motion;

2) Enter a preliminary order authorizing the use of cash collateral pursuant to the attached budget for 14 days;

3) Set a final hearing on this Motion after expiration of the fourteen (14) day notice period required by Bankruptcy Rule 4001; and

4) Granting all such other and further relief as is just and proper.

DATED:  October 25, 2010

        Respectfully submitted,

        HOOVER SLOVACEK LLP

By: */s/Edward L. Rothberg*
        EDWARD L. ROTHBERG
        State Bar No. 17313990
        MELISSA A. HASELDEN
        State Bar No. 00794778
        T. JOSH JUDD
        State Bar No. 24036866
        5847 San Felipe, Suite 2200
        Houston, Texas 77057
        Telephone: 713.977.8686
        Facsimile:  713.977.5395
PROPOSED ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing motion were forwarded via facsimile, e-mail, and/or U.S. first class mail, postage prepaid, on October 26, 2010, to the parties listed on the attached Service List.

        */s/Edward L. Rothberg*

        EDWARD L. ROTHBERG

706365-1

**Mansions at Hastings Green, L.P.,**
**Debtor;**
**Case No. 10-39474-H3-11**

Mansions at Hastings Green, L.P.
Attn: Michael D. Clark, HCCP
Alpha-Barnes Real Estate Services
mclark@alpha-barnes.com

Ellen M. Hickman
Office of the U. S. Trustee
By ECF Email: Ellen.Hickman@usdoj.gov

**Taxing Authorities:**

Texas Workforce Commission
Bankruptcy Section
P O Box 149080
Austin, TX 78714-9080

Internal Revenue Service
Insolvency Section
1919 Smith MAIL STOP HOU 5022
Houston, TX 77002

Texas Comptroller of Public Accounts
111 E. 17th Street
Austin, TX 78774-0001

IRS
P O Box 21126
Philadelphia, PA 19114

Harris County, et al.
Leo Vasquez, Tax Assessor Collector
P O Box 4622
Houston, TX 77210-4622

Harris County, et al.
c/o John P. Dillman
Linebarger Goggan Blair & Sampson
P O Box 3064
Houston, TX 77253-3503
By Fax: 713.844.3501

**Secured Lender:**

Citicorp USA, Inc.
c/o Community Development Lending
Attn: Robert F. Onion
901 Mopac Expressway S., Suite 300
Austin, TX 78746
By Fax: 512.329.2768

Wells Fargo Bank, N.A.
Attn: Corporate Trust Services
MAC T5017-241
1021 Main Street, Suite 2403
Houston, TX 77002
By Fax: 713.289.3488

Mark A. White
Christina E. Ponig
1000 Louisiana, Suite 2800
Houston, TX 77002
By Fax: 713.425.8401

Zachary Hoard
1717 Main Street, Suite 4600
Dallas, TX 75201
By Fax: 214.743.4545

**Secured**
**M&M Lien Claimants:**

Aber Fence and Supply Company
12239 Mosielee Street
Houston, TX 77086

Ebenezer Construction
Attn: Gabriel Torres
17803 Bauer Road
Cypress, TX 77429

Fuller Paint & Drywall, Ltd.
15943 Pinyon Creek Drive
Houston, TX 77095-3695

Hogan's Heroes Paint Contractors
Attn: Robert Hogan
1601 Hewitt Drive
Houston, TX 77018

J & B Electric, Inc.
Attn: Beatric Carrillo
14300 Northwest Freeway, Suite A-9
Houston, TX 77040

Sendero Industries, LLC
6814 Thornwall Street
Houston, TX 77092

Sun Landscape & Design, Inc.
4304 Bluebonnet Drive
Houston, TX 77053

W.C. Bell, Inc.
131 South Trade Center Parkway
Conroe, TX 77385

|  |  |  |
|---|---|---|
| **Unsecured Creditors:** | Brilliant Promotional Products<br>10161 Harwin Drive<br>Suite 125<br>Houston, TX 77036<br>Fax: 713-271-8519 | Leslie's Poolmart, Inc.<br>3925 E. Broadway Rd., Suite 100<br>Phoenix, AZ 85040<br>By Fax: 602.366.3934 |
| Ozarka Spring Water Co.<br>P O Box 856680<br>Louisville, KY 40285-6680<br>Fax: 866-722-1386 | Southwest Painting Contractors, Inc.<br>P O Box 1604<br>Bellaire, TX 77402<br>By Fax: 713.777.9807 | Texas Environments<br>P O Box 720219<br>Houston, TX 77272<br>By Fax: 281.495.9761 |
| **Parties in Interest:** | Chuck Portz, Attorney<br>P O Box 41029<br>Houston, TX 77241 | Christina Stone<br>Gaughan, Stone & Thiagarajan<br>2500 Tanglewilde, Suite 222<br>Houston, TX 77063-2139<br>By Fax: 713.953.7513 |